UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEVIN E. PATE,**

      **Plaintiff,**

v.                                                   Case No:   6:14-cv-1493-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Kevin E. Pate (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income in which he alleged a disability onset date of March 23, 2011. Doc. No. 1; R. 195, 204. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) finding his testimony concerning his pain and limitations not credible; 2) failing to either weigh or appropriately weigh the opinions of Drs. Joseph Deluca, Tiffany Schiffner and Robert Roberts; and 3) relying on the vocational expert's ("VE") testimony in finding that he can perform other jobs in the national economy. Doc. No. 20 at 17-24, 32-34, 35-39. Claimant requests the matter be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id*. at 41. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.   ANALYSIS.**

Claimant argues that the ALJ's credibility determination consisted solely of a boiler plate paragraph indicating she found his medically determinable impairments could cause the alleged symptoms, but that his subjective statements concerning the intensity, persistence, and limiting effects of his alleged symptoms are not credible to the extent they are inconsistent with her residual functional capacity ("RFC") determination.  Doc. No. 20 at 37-38.  In light of this conclusory finding, Claimant argues the ALJ did not articulate specific reasons in support of her credibility determination, and thus her decision is not supported by substantial evidence.  *Id*. at 39.  In response, the Commissioner essentially argues the ALJ articulated specific reasons for discrediting Claimant's testimony, and that her reasons are supported by the medical and opinion evidence.

*Id*. at 40-41.  As a result, the Commissioner argues the ALJ's decision is supported by substantial evidence.  *Id*. at 41.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.  By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability."  *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[1]  Thus, once the pain standard is

---

[1] Social Security Ruling 96-7p provides, in relevant part:

> 2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities.  This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.
>
> 3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
>
> 4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any

satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may provide grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

At step two of the sequential evaluation process, the ALJ found Claimant suffered from the following severe impairments: degenerative disc disease of the lumbar spine; status post-open reduction internal fixation of fracture of the pelvis and right hip; status post-arthroscopic repair of left shoulder impingement and tear; and depression. R. 28. At step four of the sequential evaluation process, the ALJ found Claimant has a RFC to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following specific limitations:

> [C]laimant is able to lift and carry ten pounds occasionally; is able to stand or walk up to two hours in an eight-hour workday; and is able to sit for up to six hours in an eight-hour workday. However, the claimant can only stand or walk for fifteen minutes at a time before needing to alternate to standing for five minutes while on task. Additionally, the claimant can never climb ladders, ropes, or scaffolds, work at heights or with dangerous moving machinery, crawl, or perform overhead work with his left non-dominant upper

---

other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

> extremity. He can only occasionally stoop, crouch, climb stairs with a rail, balance, or forward reach with his left upper extremity. Furthermore, the claimant is limited to simple, routine tasks with only occasional[ ] change in the work setting and the work should be repetitive.

R. 31. In reaching this RFC, the ALJ provided the following accurate summary of Claimant's testimony:

> The claimant alleged disability based on back and hip problems (Hearing Testimony & Exhibit 3E). At the hearing, he testified that in March 2011, he fell off a ladder and broke his right hip (Hearing Testimony). The claimant stated he underwent multiple surgeries and was hospitalized for three weeks (Hearing Testimony). Further, the claimant reported that in June 2011 . . . he was in a motor vehicle accident compounding his injuries and causing additional injuries to his left shoulder, right elbow, and head (Hearing Testimony & Exhibit 9E). The claimant indicated that he underwent surgery for his shoulder and further surgery might be required (Hearing Testimony). He stated he experiences throbbing low back pain, right hip pain, leg pain and numbness, dizziness, weight loss, anxiety, and difficulties sleeping (Hearing Testimony & Exhibits 11E; 15E). According to the claimant, he has been prescribed medications for his physical and mental conditions and the medications make the pain bearable (Exhibits 4E; 17E). He sits in a recliner and lies down for two to three hours a day for relief (Hearing Testimony). The claimant also said he was prescribed a cane.
>
> Due to his conditions and symptoms, the claimant stated that he has a number of limitations, in walking, balancing, moving his left shoulder, arm, hand, and fingers, raising his arms above his chest, using his hands, grip[p]ing, lifting, squatting, standing, reaching, sitting, kneeling, stair climbing, seeing, remembering, completing tasks, and concentrating (Hearing Testimony & Exhibit 15E). The claimant reported only occasional pain in his right dominant arm, but [he] did not use his left arm at all and he needs assistance with everything including dressing his children (Hearing Testimony & Exhibits 9E; 15E). He is able to tend to some personal care needs, get his children to school (8 miles per day), occasionally do laundry, drive, prepare simple meals, use his riding mower, and shop (Hearing Testimony & Exhibit 11E). The claimant also stated he is able to get along well with authority figures, count change, handle a savings account, use checks or money orders, and watch television (Hearing Testimony & Exhibit 11E).

R. 32.  Immediately following this summary, the ALJ proceeded to address Claimant's credibility, stating:

> [A]fter careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible <u>for the reasons explained in this decision</u>.

*Id*. (emphasis added).  Thereafter, the ALJ proceeded to discuss the medical and opinion evidence with respect to Claimant's physical impairments, and then discussed the medical and opinion evidence with respect to Claimant's mental impairment.  R. 32-36.  At the conclusion of this discussion, the ALJ proceed to find: "In view of all of the factors discussed above, the limitation on the claimant's capacities that were described earlier in this decision are considered warranted, but no greater or additional limitations are justified."  R. 37.

The ALJ's credibility determination is boilerplate language commonly found in Social Security decisions.  *See Howell v. Astrue*, Case No. 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are common) *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011).  In many cases, this boilerplate credibility determination is followed by specific facts that undermine the claimant's testimony.  However, in this case the ALJ failed to clearly articulate any specific facts supporting her credibility determination.  *See* R. 32-37.[2]  Without articulating specific reasons in support of her credibility determination the Court is unable to conduct a meaningful review of the ALJ's decision, and therefore finds the ALJ's decision is not supported by substantial evidence.

---

[2] In short, it is unclear what, if any, of the facts contained in the ALJ's decision the ALJ relied upon to find Claimant's statements not entirely credible.

The Commissioner attempts to overcome the ALJ's failure to articulate the bases for her credibility determination by arguing certain portions of the ALJ's decision following the boilerplate credibility determination support that finding. Doc. No. 20 at 40-41. As previously discussed, the ALJ did not clearly articulate reasons supporting her boilerplate credibility determination, but instead generally referred to her discussion of the medical and opinion evidence. R. 32-37. As a result, the Commissioner's argument amounts to *post hoc* rationalization, as it attempts to offer reasons supporting the ALJ's boilerplate credibility determination that the ALJ did not clearly articulate in her decision. The Court will not affirm the ALJ's credibility determination based on the such *post hoc* rationalization  *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Accordingly, the Court finds the matter must be reversed so the ALJ may clearly articulate the reasons supporting her credibility determination. *See, e.g.*, *Howell*, 2011 WL 4002557, at *5 (reversing due to ALJ's failure to provide a meaningful explanation for his credibility determination).[3]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 20 at 41. Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840. Here, the matter is being reversed because the ALJ did not articulate specific reasons in support of her credibility determination. Neither the reason necessitating

---

[3] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III. <u>CONCLUSION</u>.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2016.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary C. Montanus
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32807-9801